UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Georgina Y. Stephens,

Plaintiff,

v.

Chrysler Financial Company, LLC,
a Michigan limited liability company,

Defendant.

Civil File No. 00-1329 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court upon Defendant's Motion to Dismiss. For the reasons that follow, the Court grants Defendant's motion.

**BACKGROUND**

The facts underlying the above-entitled action transpired over the course of eleven years. For purposes of clarity, the Court will set forth only those facts which directly bear on the disposition of Defendant's Motion.

This action arises out of the foreclosure and sale of Plaintiff's property at 175 N. Lexington Parkway, St. Paul, Minnesota (the "Property"). Plaintiff purchased the Property in 1989 after executing a promissory note and mortgage in favor of Defendant's predecessor in interest, Chrysler First Financial Services Corporation of America. In March 1990, Plaintiff brought a Truth in Lending Act claim against Defendant in Ramsey County District Court. Defendant counter-claimed by bringing a foreclosure action alleging default on the promissory note. Defendant ultimately prevailed, and judgment was entered against Plaintiff

FILED NOV 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD NOV 20 2000
DEPUTY CLERK

on December 19, 1996. On January 22, 1997, the court entered amended Findings of Fact, Conclusions of Law, and an amended Order for Judgment. Most notably, the court amended the amount of judgment from $146,087.92 to $146,487.92, the former having been entered in error. (See McMahon Aff. Exs. 2 and 3.) Plaintiff contested the amended findings and judgment before the Minnesota Court of Appeals, arguing that the district court was without authority to make such changes to the judgment. The court of appeals disagreed: "We take cognizance of the clerical errors and conclude that the district court had authority to correct them. The district court's findings and conclusions are proper and the judgment is affirmed." Stephens v. Chrysler First Fin. Serv. Corp. of America, C0-97-153, 1997 WL 457448, at *3 (Minn. Ct. App. Aug. 12, 1997).

On or about February 12, 1997, Defendant delivered the December 30, 1996 judgment to the Ramsey County Sheriff as his authority to sell the Property. On June 30, 1997, the Sheriff sold the Property to Defendant pursuant to that judgment for $178,984.84. On July 11, 1997, Defendant moved to confirm the sale. Plaintiff objected, arguing in part that the sale was impermissibly based on the vacated judgment, rather than the superseding judgment dated January 22, 1997. On that same day, the Ramsey County court issued an order confirming the sale. Plaintiff did not appeal that order.

Thereafter, Plaintiff and her husband, Larry Alexander ("Alexander") filed several lawsuits in state and federal court directly and indirectly attacking the legitimacy of the foreclosure action and sale. All of those lawsuits have been dismissed with prejudice.

On May 26, 2000, Plaintiff filed the present ejectment action alleging that Defendant has no legal title to the Property because the judgment used by the sheriff in effectuating the sale was void. As such, Plaintiff argues that she retained fee simple interest in the Property and that Defendant's possession of the Property, as contrary to that interest, is illegal. Plaintiff also alleges that she was defamed when Defendant's agents ejected her from the Property in the presence of third parties and when Defendant "published statements that [she] was ejected from the Property because her property was lawfully sold to them by the Ramsey County Sheriff." (Am. Compl. ¶ 42.) On June 20, 2000, Defendant filed the instant Motion to Dismiss, arguing that the Court lacks jurisdiction to hear the matter under the Rooker-Feldman doctrine and, alternatively, that Plaintiff's claim is barred by the doctrine of res judicata.

**DISCUSSION**

**A. Standard.**

Because Defendant questions the Court's jurisdiction over this matter, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884,891 (3d Cir. 1977)). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

**B. Rooker-Feldman.**

Defendant argues that Plaintiff's claim must be dismissed pursuant to the Rooker-Feldman doctrine because it is in essence a collateral attack on the July 11, 1997, Ramsey County order confirming the foreclosure sale. Under Rooker-Feldman, the lower federal courts are without subject matter jurisdiction to review state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also 28 U.S.C. § 1738 (providing that state court judgments shall be given full faith and credit in federal courts). This limitation on jurisdiction also "deprives lower federal courts of jurisdiction over claims that are 'inextricably intertwined' with claims adjudicated in state court." Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999). A claim will be deemed to be inextricably intertwined with a state court judgment if it "succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested . . . would effectively reverse a state court decision or void its ruling." Id. at 1035 (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)). Therefore, in order to determine whether Rooker-Feldman applies in this case, the Court must identify the precise holding and effect of the state court judgment and determine whether the relief requested in this action requires this Court to review the correctness and propriety of that decision. See Charchenko, 47 F.3d at 983.

Plaintiff argues that Rooker-Feldman does not apply because she is challenging Defendant's post-judgment collection efforts, i.e., the validity of the sheriff's sale, rather

than the propriety of the district court's order confirming the sale. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987). The Court strongly disagrees. The sheriff's sale transferred ownership of the Property from Plaintiff to Defendant. The confirmation order finalized the sale, which would have been without effect absent such ratification. See Minn. Stat. § 581.08 ("Upon the coming in of the report of sale, the court shall grant an order confirming the sale . . ."). Indeed, "[t]he confirmation of [a] sheriff's report of a sale in a real estate foreclosure by action has the effect of a judgment and cannot be attacked collaterally." Singer v. Novak, 208 N.W. 654, 655 (Minn. 1926). Were this Court to grant Plaintiff the relief she requests, the confirmation order would be indirectly voided. This is the precise effect the Rooker-Feldman doctrine is designed to prevent. Such an attack should have been brought before the Minnesota Court of Appeals, not here in federal district court.

Plaintiff's defamation claim is similarly flawed. Although distinct from her ejectment claim, the two are inextricably intertwined. Simply put, if the sheriff's sale and confirmation order were properly carried out, Plaintiff's defamation claim would fail as a matter of law. See Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 489 (1975) (noting that truth is an absolute defense to defamation). Because this Court is without jurisdiction to pass upon the propriety of the confirmation order, it is also precluded from hearing Plaintiff's defamation claim.

## CONCLUSION

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court grants Defendant's Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is (Clerk Doc. No. 14) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 20, 2000

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: NOV 20 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*